IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Criminal Case No.  04-CR-00403-LTB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

12.     HUMBERTO GALVAN, a/k/a "Beto",

        Defendants.
_____

ORDER
_____

On May 5, 2006, I denied the motions of several defendants in this case, including Humberto Galvan and Lillian Galvan, Humberto's wife, for severance of the charges against them. I found and concluded that the Government had made a satisfactory preliminary showing that the defendants participated in a single series of acts and transactions and that their conduct was interdependent.  *United States v. Powell*, 982 F.2d 1422, 1429 (10th Cir. 1992).

Mr. Galvan has filed a motion to reconsider, declaiming that he and Mrs. Galvan intend at trial to invoke their marital privileges not to testify against each other and not to testify concerning confidential communications between them.  *See*, *Trammel v. United States*, 445 U.S. 40, 100 S. Ct. 906, 63 L. Ed. 2d 186 (1980).  The motion is adequately briefed and oral argument would not materially aid its resolution.  For the reasons stated below, I decline to sever Mr. Galvan's trial pursuant to Fed. R. Crim. P. 14(a) and DENY his motion to reconsider.

Mr. Galvan states that he will not testify unless the Court enforces his marital privileges. He goes on,

> [*I*]*f* the Court recognizes the defendant's constitutional right and (sic) to testify and his coexisting marital privilege by granting him a severance, defendant's testimony of his version of the facts will include statements that are incriminating and evidence against his own wife. The defendant's testimony of his version of the facts will necessarily include confidential communications made during the marriage.
> ...
> That in this case both the defendant and his wife have the absolute right to testify at trial, but under the circumstances obviously cannot freely do so unless they have separate trials.

Motion for Reconsideration of Motion to Sever and Declaration of Marital Privilege ¶¶ 11, 14 (Emphasis original).

A conflation predicates the dilemma that Mr. Galvan envisions. As Mr. Galvan recognizes, the marital privileges are two. First, a witness may choose not to testify against his spouse. This privilege belongs to the witness-spouse, whom the inculpated spouse may not prevent from testifying. *Trammel*, 445 U.S. at 52-53. Second, spouses may prevent each other from disclosing confidential communications shared between them. *Blau v. United States*, 340 U.S. 332, 333-334, 71 S. Ct. 301, 95 L. Ed. 306 (1951). This privilege belongs to the spouse against whom the testimony is offered. *United States v. Bahe*, 128 F.3d 1440, 1442 (10th Cir. 1997), *cert. denied*, 523 U.S. 1033, 118 S. Ct. 1327, 140 L. Ed. 2d 489 (1998).

I consider each claim of privilege in turn. I begin with the observation that privileges "must be strictly construed and accepted 'only to the very limited extent that permitting a refusal to testify or excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth.'" *Trammel*, 445 U.S. at 50 (*quoting Elkins v. United States*, 364 U.S. 206, 234, 80 S. Ct. 1437, 4 L. Ed. 2d 1669 (1960) (Frankfurter, J., dissenting)).

**I. Testimonial privilege**

Because Mr. Galvan possesses the privilege not to testify against his wife, no conflict arises. *United States v. Levine*, 750 F. Supp. 1433, 1443 (D. Colo. 1990), *aff'd*, 970 F.2d 681 (10th Cir. 1992), *cert. denied*, 506 U.S. 901, 113 S. Ct. 289, 121 L. Ed. 2d 214 (1992). Mr. Galvan may choose to testify in his own defense, or not. If he decides to testify, he may choose to offer testimony inculpating his wife, or not. Neither Mrs. Galvan nor any other person may prevent Mr. Galvan from making those decisions freely. *United States v. Petty*, 602 F. Supp. 996, 998 (D. Wyo. 1984).

This case is unlike the case in which a defendant is denied by joint trial the exculpatory testimony of a co-defendant who has asserted a Fifth Amendment right not to testify. Unlike that instance, Mr. Galvan has not here made any showing that either he or his wife will be denied the exculpatory testimony of the other. Indeed, he asserts the opposite: his anticipated testimony will *inculpate* his wife. Neither Mr. nor Mrs. Galvan possess a constitutional right to avoid inculpatory testimony.

Nor will Mr. Galvan be denied the opportunity to provide exculpatory testimony in his own defense. To be sure, Mr. Galvan shares with myriad criminal defendants the common dilemma whether to dispute his guilt by inculpating another person. That the person he might inculpate happens to be his wife does not foreclose that strategy. In any event, severance would not resolve his ostensible quandary or preserve any of his rights. The authorities are split on the question whether a spouse may assert the testimonial privilege where the adverse effects on the other spouse are not felt in the same proceeding. *See generally*, *United States v. Yerardi*, 192 F.3d 14, 21 (1st Cir. 1999); 8 John Henry Wigmore, *Evidence in Trials at Common Law* § 2234

(Walter A. Reiser, Jr. rev.1991). Thus, the most Mr. Galvan can hope to accomplish by severance of his trial is the loss of the privilege he purportedly desires to assert.

Mr. Galvan's waiver of the testimonial privilege would not derogate Mrs. Galvan's Fifth or Sixth Amendment rights. *United States v. Kapnison*, 743 F.2d 1450, 1454 (10th Cir. 1984), *cert. denied*, 471 U.S. 1015, 105 S. Ct. 2017, 85 L. Ed. 2d 299 (1985). Indeed, Mrs. Galvan has no right to prevent Mr. Galvan from offering non-confidential testimony that inculpates her. *Trammel*, 445 U.S. at 52-53. As the Supreme Court explained,

> The contemporary justification for affording an accused such a privilege is also unpersuasive. When one spouse is willing to testify against the other in a criminal proceeding – whatever the motivation – their relationship is almost certainly in disrepair; there is probably little in the way of marital harmony for the privilege to preserve. In these circumstances, a rule of evidence that permits an accused to prevent adverse spousal testimony seems far more likely to frustrate justice than to foster family peace.

*Id*. at 52.

One might read Mr. Galvan's argument to be that he should be allowed a separate trial so that he may testify against his wife outside the presence of the jury that will determine his wife's guilt or innocence. The purpose of the testimonial privilege is not to manipulate the evidence presented to the factfinder but rather to promote marital harmony. *Trammel*, 445 U.S. at 44; *Yerardi*, 192 F.3d at 18, 20. Once the witness-spouse waives the privilege, the reason for the privilege ceases to be. *Trammel*, 445 U.S. at 52. The testimonial privilege provides no basis for severance.

### I. Confidentiality privilege

The privilege against disclosing confidential marital communications assists Mr. Galvan naught. Any communications between the Galvans that might be the subject of testimony at trial

must necessarily fall into one of two categories: privileged communications and non-privileged communications.  Mr. Galvan is powerless to disclose privileged communications absent Mrs. Galvan's waiver.  *Bahe*, 128 F.3d at 1442.  The privilege is not Mr. Galvan's to waive.  *United States v. Wood*, 924 F.2d 399, 401-402 (1st Cir. 1991).  And the privilege will constrain Mr. Galvan whether he is tried with his wife or separately.

Any non-privileged testimony provides no basis for severance for the simple reason that it is admissible in either a joint or severed trial.  As the Government points out, the form that such non-privileged testimony is most likely to take is the recital of communications passed between Mr. and Mrs. Galvan in furtherance of a criminal activity.  This testimony is admissible under the so-called "crime-fraud exception" to the marital communications privilege.  *United States v. Neal*, 743 F.2d 1441, 1447 (10th Cir. 1984); *Levine*, 750 F. Supp. at 1443.

Of course, absent a specific showing what communications Mr. Galvan intends to disclose, all speculation about the nature of his testimony is futile.  If appropriate, Mr. Galvan may renew his motion after the close of the Government's evidence at trial and may, if necessary, then make a proffer.

Accordingly, it is ORDERED that Mr. Galvan's motion to reconsider [765] is DENIED.

Dated: June   8  , 2006, in Denver, Colorado.

                                              BY THE COURT:

                                                s/Lewis T. Babcock
                                              Lewis T. Babcock, Chief Judge