IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Lewis T. Babcock

Civil Action No. 09-cv-02440-LTB
Criminal Action No. 04-cr-00403-LTB-12

UNITED STATES OF AMERICA,

v.

12.     HUMBERTO GALVAN a/k/a "Beto,"

   Movant.

---

ORDER

---

Movant has filed *pro se* on October 15, 2009, a motion pursuant to 28 U.S.C. § 2255 (doc. #1426) apparently seeking a sentence reduction. The Court must construe the motion liberally because Movant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Movant will be ordered to file an amended § 2255 motion.

The Court has reviewed the § 2255 motion filed by Movant and finds that the motion does not comply with the Rules Governing Section 2255 Proceedings for the United States District Courts. Rule 2(c) provides that "[t]he motion must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." Although Movant has submitted a form § 2255 motion as part of his § 2255 motion, he does not assert his claims on that form. Instead, the section of the form §

2255 motion in which Movant should assert his claims reads "see attached."  The fact that Movant submitted a form § 2255 motion that does not list any claims does not substantially follow the form § 2255 motion appended to the Rules Governing Section 2255 Proceedings or the form § 2255 motion available from the Clerk of the Court.

Furthermore, Movant fails to assert his claims in a clear and concise manner that allows the Court and the government to know precisely how Movant believes his rights have been violated and why he believes he is entitled to relief.  Pursuant to Rules 2(b)(1) and 2(b)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Movant must "specify all [available] grounds for relief" and he must "state the facts supporting each ground."  These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading.  **See Mayle v. Felix**, 545 U.S. 644, 655 (2005) (discussing identical rules applicable to 28 U.S.C. § 2254 applications).  Naked allegations of constitutional violations are not cognizable.  **See Ruark v. Gunter**, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

For these reasons, Movant will be directed to file an amended § 2255 motion if he wishes to pursue his claims.  Movant must present his claims clearly and concisely in accordance with the Rules Governing Section 2255 Proceedings and he must present his claims in a manner that substantially follows either the form appended to the Rules Governing Section 2255 Proceedings or the Court's own form motion that is available from the Clerk of the Court.  Accordingly, it is

ORDERED that Movant shall have **thirty (30) days from the date of this order** to file an amended § 2255 motion that complies with the requirements specified in this

order. It is

FURTHER ORDERED that the § 2255 motion filed on October 15, 2009, (doc. #1426) will be denied without further notice if Movant fails to file an amended § 2255 motion within the time allowed.

Dated:     October 19, 2009    

BY THE COURT:

  s/Lewis T. Babcock                
LEWIS T. BABCOCK
United States District Judge