IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Criminal Case No.  04-cr-00403-LTB
Civil Action No. 09-cv-02440-LTB

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,

v.

HUMBERTO GALVAN,

        Defendant-Movant.
_____

## AMENDED ORDER
_____

      This case is before me on a Second Amended Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody filed by Defendant-Movant Humberto Galvan. [**Doc #1443**]  After consideration of the motion and the response filed by Plaintiff-Respondent, The United States of America, I find that oral arguments would not materially assist in the determination of this motion and that an evidentiary hearing is neither necessary nor warranted.  For the reasons set forth below, I DENY the motion.

      Eighteen defendants were charged in a thirty-five count Indictment as members of a large scale cocaine-trafficking scheme.  *See U.S. v. Zapata, et. al.*, 546 F.3d 1179, 1182 (10th Cir. 2008).  Several defendants plead guilty and testified against their co-defendants in exchange for reduced sentences.  *Id.* at 1182.  Five defendants, including Humberto Galvan, were ultimately tried before a single jury and convicted of conspiracy to distribute five kilograms or more of cocaine and other related offenses.  *Id.*  All five appealed their convictions and sentences, which

were subsequently affirmed by the Tenth Circuit in a published decision dated October 31, 2008. *Id.*

Mr. Galvan filed his original motion seeking post-conviction relief under 28 U.S.C. §2255 on October 15, 2009. [Doc #1426]  After I directed him to file an amended motion, Mr. Galvan filed his first amended motion on November 10, 2009. [Doc #1434]  Thereafter, in my order dated October 18, 2010, I denied Mr. Galvan's first two post-conviction motions as moot. [Doc # 1457]  However, I granted his "Motion for Leave of Court to File Corrected Form 2255 as Required by Court," filed on February 1, 2010, and as such I directed the Clerk of the Court to accept as filed Mr. Galvan's tendered second amended motion under 28 U.S.C. §2255. [Doc #1443]  The United States filed its response thereto on November 23, 2010. [Doc # 1478]  It is this motion now at issue.

Mr. Galvan's sole claim in this post-conviction motion is that he received ineffective assistance of trial counsel.  In order to establish a claim of ineffective assistance of counsel, a criminal defendant must first show that counsel's performance was deficient – that is, that counsel made errors so serious as to deprive the defendant of the constitutional minimum guaranteed by the Sixth Amendment.  *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Second, a criminal defendant must show that his counsel's deficient performance prejudiced him – that is, that there is a reasonable probability that, but for the errors of counsel, the result of the proceeding would have been different.  *Id.* at 687 & 690. Judicial scrutiny of counsel's performance is highly deferential, and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance." *Id.* at 689.

In this motion, Mr. Galvan asserts that he received ineffective assistance of counsel from his retained trial attorney, Mr. Donald L. Lozow.  Specifically, he argues that he received ineffective assistance "in that my attorney did not move to dismiss the indictment for Speedy Trial Violation."  In support of this claim, Mr. Galvan asserts that "[a]ccording to the Speedy Trial Clock my trial should have begun on July 25, 2006.  Trial did not start until August 21, 2006, clearly in violation fo the Speedy Trial Act."  As a result, he seeks "[d]ismissal of the indictment and immediate release due to the violation of my constitutional rights to effective representation of counsel."

The Speedy Trial Act "generally requires a trial to begin within 70 days of the filing of an information or indictment or the defendant's initial appearance." *Zedner v. U.S.*, 547 U.S. 489, 497, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006)(*citing* 18 U.S.C. §3161(c)(1)); *see also U.S. v. Toombs,* 574 F.3d 1262, 1268 (10th Cir. 2009).  However, not every criminal case can or will be completed within the seventy days and, as such, the Speedy Trial Act expressly sets out "periods of delay" that are excluded from that seventy-day time frame. *Zedner v. U.S., supra*, 547 U.S. at 497 (*citing* 18 U.S.C. §3161(h)).  I note that certain sections of the Speedy Trial Act – including 18 U.S.C. §3161(h) –  were renumbered in 2008.  In this order I will refer to the earlier version of the statute which was in effect during the pendency of this case.

As is relevant here, the Speedy Trial Act provides that the Court may grant a continuance after finding that "the ends of justice [are] served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. §3161(h)(8)(A). One such basis is when "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect

adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. §3161(h)(8)(B)(ii).

The record indicates that Mr. Galvan was charged by indictment on September 21, 2004. As a result, his 70 day clock commenced at that time. On October 5, 2004, the Government filed a motion asking that I declare the case complex, pursuant to 18 U.S.C. §3161(h)(8)(A) and §3161(h)(8)(B)(ii). The basis for the motion was that the case involved the prosecution of eighteen defendants for their participation in a large-scale narcotics importation and distribution network, and included extensive discovery issues, numerous anticipated motions by the defendants, and trial was estimated to take six weeks. In light of these issues, the Government asked that I declare the case complex as such a designation would serve the interests of justice and outweigh the interests of the defendants and the public in a speedy trial. On November 3, 2004, Mr. Galvan filed a Confession to the Government's Motion for Complex Case Designation.

I held a hearing on the motion, on November 9, 2004, at which time I inquired whether there was any objection to granting the motion for declaration of complexity under 18 U.S.C. §3161. Counsel for another defendant did express a concern about the length of the litigation of this case, due to the voluminous wiretap evidence, based on his client's due process and bail rights. However, no party objected or disputed the Government's representations of complexity. As a result, I declared the case complex, finding that such a designation was "obviously and patently [clear] from the face of the Indictment and the plethora of issues that will be raised in the course of this case by way of discovery issues, [Fed. R. Evid.] 801(d)(2)(E) issues, suppression issues and wiretap issues." In my written follow-up order to the ruling in court, I

noted that Mr. Galvan was one of eight defendants who conceded complexity. I further determined that the case involved eighteen defendants and came out of a two-year investigation of an alleged narcotic importation and distribution network. During the investigation, the Government utilized controlled purchases, surveillance, interviews of cooperating members of the alleged conspiracy, satellite tracking devices, pen registers, and wire taps. The wire taps were of seven different phones – over a five month period – and produced 20,000 pages of documents and transcripts, much of which needed to be translated from Spanish into English. The Government anticipated producing more than 50,000 pages of discovery. Thus, for those reasons, I concluded that "it would be unreasonable to expect adequate preparation for trial within the time limits of the Speedy Trial Act." Thus, I granted the Government's ends-of-justice continuance request based on the complexity of the case. *See* 18 U.S.C. §3161(h)(8)(A) and §3161(h)(8)(B)(ii).

As a result, Mr. Galvan's speedy trial clock was tolled on November 2, 2004, upon my designation of complexity. In this motion, Mr. Galvan asserts that "according to the Speedy Trial Clock" his trial should have commenced by July 25, 2006. Because it did not start until approximately a month later, on August 21, 2006, he asserts that his right to a speedy trial was violated. And, in turn, that he received in effective assistance of counsel because his attorney did not seek to have the case dismissed on this basis.

However, as discussed above, my finding of complexity tolled the speedy trial clock. I note that my determination of complexity has not been challenged by Mr. Galvan here, it was clearly supported by the record, and, most importantly, Mr. Galvan specifically conceded to a complexity determination. Mr. Galvan has not indicated his rational for his claim that the

speedy trial clock expired on July 25, 2006, and my review of the record does not reveal any basis for such a claim. Moreover, I note that the record discloses numerous overlapping periods of pretrial delay excludable for pretrial motions, as well as consideration of the plea agreements of thirteen (13) co-defendants. *See* 18 U.S.C. §3161(h)(1)(F) (excluding "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing"); 18 U.S.C. §3161(h)(1)(I) (excluding "delay resulting from consideration by the court of a proposed plea agreement"); *U.S. v. Vogl,* 374 F.3d 976, 983 (10th Cir. 2004)(noting that an exclusion for delay attributable to one defendant is applicable to all co-defendants). I note that as late as August 17, 2006 – four days prior to the commencement of trial – I ruled on objections by the defense, including Mr. Galvan, to the Government's Notice of Intent to Offer *Res Gestae* Evidence.

Consequently, because I find no basis for a determination that his speedy trial rights were violated, Mr. Galvan's claim that his counsel was ineffective for failure to seek dismissal on speedy trial grounds is without merit. As such, Mr. Galvan cannot show that any reasonable attorney would have filed such a motion and/or that the failure to do so caused him prejudice. *See  Strickland v. Washington*, *supra*, 466 U.S. at 687*; U.S. v. Orange*, 447 F.3d 792, 797 (10th Cir. 2006) (finding that when the basis for the ineffective assistance claim is the failure to raise an issue, if the omitted issue is without merit, then counsel's failure to raise does not constitute ineffective assistance of counsel). In so doing, I note that the district court retains discretion to determine whether the indictment is dismissed with or without prejudice under the Speedy Trail Act. 18 U.S.C. §3162(a)(2); *U.S. v. Cano-Silva*, 402 F.3d 1031, 1034 (10th Cir. 2005).

ACCORDINGLY, the Second Amended Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody [**Doc #1443**], filed by Defendant-Movant Humberto Galvan, is DENIED.

Dated: March   23  , 2011 in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, JUDGE